# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Matthew Clayton Lloyd** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:07CR02238-001JB and 1:08CR03048-001JB** |
| | USM Number: **40723-051** |
| | Defense Attorney: **Richard Winterbottom, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1, S3, and S4 of Indictment 1:07CR02238-001JB and Count 1 of Indictment 1:08CR03048-001JB**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 2119 | Car Jacking (1:07CR02238-001JB) | 08/24/2007 | S1 |
| 18 U.S.C. Sec. 2113 (a) and (d) | Armed Bank Robbery (1:07CR02238-001JB) | 09/06/2007 | S3 |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **S2 and S5 of Indictment 1:07CR02238-001JB** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

|  | **May 15, 2009** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **October 6, 2009** |
| | Date Signed |

Defendant: **Matthew Clayton Lloyd**
Case Number: **1:07CR02238-001JB and 1:08CR03048-001JB**

# ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 924 (c)(1)(A)(i) and (ii) | Using and Brandishing a Firearm During and in Relation to a Crime of Violence (1:07CR02238-001JB) | 09/06/2007 | S4 |
| 18 U.S.C. Sec. 2113 (a) and (d) | Armed Bank Robbery (1:08CR03048-001JB) | 09/05/2007 | 1 |

Defendant: **Matthew Clayton Lloyd**
Case Number: **1:07CR02238-001JB and 1:08CR03048-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **27 years (224 months)** .

**180 months as to Count 1 of Superseding Indictment 1:07CR2238-001JB; 240 months as to Count 3 of Superseding Indictment 1:07CR2238-001; and 240 months as to Count 1 of Indictment 1:08CR3048-001JB; said terms shall run concurrently.**

**7 years as to Count 4 of Superseding Indictment 1:07CR2238-001JB; said term shall run consecutively.**

**Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which includes a specific sentence of 27 years imprisonment, as the Court is satisfied that the agreed sentence varies for justifiable reasons.**

**Defendant Matthew Clayton Lloyd`s offense level is 29 and his criminal history is category VI. His advisory guidelines sentence range is 151 to 188 months. The Court has considered the guideline range established for the applicable category of offense committed by the applicable category of defendant. The Court has also taken into consideration other sentencing goals. Specifically, the Court has considered the factors set forth in 18 U.S.C. § 3553(a)(1)-(7). In doing so the Court has arrived at a sentence that totals twenty-seven years: For Count 1 of the superceding indictment in Criminal Number 07-CR-2238 JB, the Court imposes a sentence of 180 months. For Count 3 of the superseding indictment in Criminal Number 07-CR-2238 JB, the Court imposes a sentence of 240 months. On Count 1 of the indictment in Criminal Number 08-CR-3048 JB, the Court imposes a sentence of 240 months. These sentences will run concurrently. On Count 4 of the superceding indictment in Criminal Number 07-CR-2238 JB, the Court imposes a sentence of seven years, which will run consecutively.**

**The Court believes that this sentence, which varies upward from the guidelines imprisonment range, reflects the seriousness of the offense that Lloyd has committed and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies from the suggested range under the Sentencing Guidelines, it is a more reasonable sentence and more faithfully promotes the sentencing goals Congress laid down in 18 U.S.C. § 3553(a).**

**Lloyd committed several crimes, including car jacking and two counts of armed bank robbery. When he carried out these crimes, he brandished and discharged a firearm. Moreover, considering the totality of the circumstances, and the ranges of sentences that the guidelines establish in this case, the Court notes, and Lloyd`s counsel has acknowledged, that the United States could have brought more charges than they did. The rule 11(c)(1)(C) plea agreement reflects the understanding that the United States is not bringing all of the charges it could have brought against Lloyd.**

**In other cases, the Court has varied downward to reflect the weakness of the United States` case against a defendant. The Court therefore believes it is appropriate to consider that the United States has a strong case against Lloyd on several counts. The strength of the United States` case weighs in favor of an upward variance.**

**The sentence that the Court imposes also reflects the seriousness of the offenses and promotes respect for the law. It is fair to say that Lloyd was on a crime spree. Lloyd`s actions put the public in considerable danger. The sentence is therefore appropriate to impress upon him the harm that he brought about and the serious nature of the crimes he committed.**

**Furthermore, the sentence reflects adequate deterrence and, at the same time, just punishment. Lloyd will be a much older man when he is released from prison. Because he will be older, the Court believes his chance of recidivism will be reduced. He will also be specifically deterred, because he will be incarcerated for an extended period of time. A longer sentence will also generally deter others from committing similar crimes. Finally, because of some of the conditions of release that the Court will impose, Lloyd will be able to receive some of the counseling and care he needs to successfully integrate back into society. In sum, the sentence the Court imposes varies upward from the guidelines, but in these circumstances, such a sentence more effectively promotes the goals outlined in 18 U.S.C. § 3553(a).**

☒     The court makes these recommendations to the Bureau of Prisons:

**United States Penitentiary, Coleman, Florida, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Matthew Clayton Lloyd**
Case Number: **1:07CR02238-001JB and 1:08CR03048-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

**3 years supervised release as to S1 and S4 of Indictment 1:07CR02238-001JB, said terms to run concurrently; 5 years supervised release as to S3 of Indictment 1:07CR02238-001JB and Count 1 of Indictment 1:08CR03048-001JB, said terms to run concurrently for a total term of 5 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Matthew Clayton Lloyd**
Case Number: **1:07CR02238-001JB and 1:08CR03048-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting weapons and controlled substances at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest in the items referenced in paragraph 12 of the plea agreement.**

Defendant: **Matthew Clayton Lloyd**
Case Number: **1:07CR02238-001JB and 1:08CR03048-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $400.00 | $0.00 | $7,070.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒    In full immediately; or

B     ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act of 1996 is applicable in this case. As to Count 3 of Superseding Indictment 1:07CR02238-001 JB, restitution in the amount of $7,070 is outstanding and due at this time. However, it is recommended that if any amount of restitution remains unpaid after release from custody, nominal monthly payments, at a rate of 10% of the Defendant`s gross monthly income, but not less than $100.00 a month, shall be paid during the period of supervision.**

**For tracking purposes, all payments made by the Defendant should be submitted to the Clerk of Court, ATTN: Intake, Case No. 1:07CR02238-001JB, 333 Lomas NW, Suite 270, Albuquerque, New Mexico 87102. The payments will then be forwarded to the contact person and address below:**

**Bank of America
ATTN: Mary E. Rall, Restitution/Recovery
Mail Code: CA6.917.02.01
31303 Argoura Road
Westlake Village, California 91361.**

**The Court orders the interest waived.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest in the items referenced in paragraph 12 of the plea agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.