IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW CLAYTON LLOYD,

    Movant,

vs.                                                  Nos. CIV 16-0513 JB/WPL
                                                                   CR 07-2238 JB
                                                                   CR 08-3048 JB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 4(b) of the Rules Governing Section 2255 Proceedings, on the Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 31, 2016 (CIV 16-0513 JB/WPL, Doc. 1; CR 07-2238 JB, Doc. 52; CR 08-3048 JB, Doc. 9), as amended by the Amended Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 24, 2016 (CIV 16-0513 JB/WPL, Doc. 3; CR 07-2238 JB, Doc. 55; CR 08-3048 JB, Doc. 12)("Amended Motion"). Movant Matthew Clayton Lloyd seeks to vacate and correct his sentence under Johnson v. United States, 578 U.S. ___, 135 S. Ct. 2551 (2015)("Johnson"). The Court determines that Lloyd is not eligible for relief under Johnson and will dismiss the Motion.

## FACTUAL AND LEGAL BACKGROUND

Lloyd was indicted on November 6, 2007 for Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d). See Indictment, filed November 6, 2007 (CR 07-2238 JB, Doc. 4). The Indictment states:

> On or about September 6, 2007, in Bernalillo County in the State and District of New Mexico, the defendant, Matthew Clayton Lloyd, by force and violence, and

> by intimidation, did unlawfully and intentionally take and attempt to take from the person and presence of another a sum of money belonging to and in the care, custody, control, management and possession of the Bank of America, . . . and in committing such offense, did assault and put in jeopardy the life of another person by use of a dangerous weapon and device, namely, a handgun.

Indictment at 1.  By a Superseding Indictment, on March 25, 2008, Lloyd was charged, in addition to the Armed Bank Robbery, with Carjacking in violation of 18 U.S.C. § 2119 and two counts of Use and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii).  See Superseding Indictment at 1-3, filed March 25, 2008 (CR 07-2238 JB, Doc. 8).

On November 20, 2008, Lloyd was indicted in the District of Colorado for Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d).  See Indictment at 1, dated November 20, 2008, filed December 30, 2008 (CR 08-3048 JB, Doc. 1)("Colorado Indictment").  The Colorado Indictment charged:

> On or about September 5, 2007, in the State and District of Colorado, Matthew Clayton Lloyd, defendant herein, did, by force and violence and by intimidation, attempt to take from the person and presence of another . . . money and other things of value belonging to and in the care, custody, control, management and possession of Washington Mutual Bank . . . and in the commission of said offense did assault and put in jeopardy the lives of . . . employees of Washington Mutual Bank and others, by the use of a dangerous weapon, to wit: a handgun . . . .

Colorado Indictment at 1.  That criminal case was transferred to the United States District Court for the District of New Mexico and, on February 5, 2009, Lloyd entered into a Plea Agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in which he pled guilty to the two counts of Armed Bank Robbery, the Carjacking charge, and one count of Use and Discharge of a Firearm During and in Relation to a Crime of Violence.  See Plea Agreement at 1-2, filed February 5, 2009 (CR 07-2238 JB, Doc. 38; CR 08-3048 JB, Doc. 4).  Lloyd was then sentenced to a term of imprisonment of twenty-seven years under the rule 11(c)(1)(C) Plea Agreement.  See

Judgment, filed October 6, 2009 (CR 07-2238 JB, Doc. 46; CR 08-3048 JB, Doc. 7)("Sentence").

Lloyd filed a pro se Motion under 28 U.S.C. § 2255 on May 31, 2016.  See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 31, 2016 (CIV 16-0513 JB/WPL, Doc. 1; CR 07-2238 JB, Doc. 52; CR 08-3048 JB, Doc. 9)("Motion").  Lloyd's pro se Motion contends that, in light of Johnson, his Carjacking and Armed Bank Robbery offenses do not qualify as "crime[s] of violence," and could not be used to enhance his sentence.  Motion at 5.

Lloyd filed a counseled Amended Motion under § 2255 on June 24, 2016.  See Amended Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 24, 2016 (CIV 16-0513 JB/WPL, Doc. 3; CR 07-2238 JB, Doc. 55; CR 08-3048 JB, Doc. 12)("Amended Motion").  The Amended Motion abandons the claim that Carjacking is not a proper predicate offense, but continues to argue that Armed Bank Robbery does not qualify as a crime of violence after Johnson.  See Amended Motion at 1-13.

### APPLICABLE LAW ON JOHNSON V. UNITED STATES AND SECTION 2255 COLLATERAL REVIEW

Lloyd seeks collateral review of his sentences in CR 07-2238 and CR 08-3048 under 28 U.S.C. § 2255.  Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a).  Because Lloyd seeks collateral review more than a year after his sentences became final, he relies on a right that the Supreme Court of the United States recognized in

Johnson and made retroactively applicable to cases on collateral review in Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257 (2016)("Welch"). See 28 U.S.C. § 2255(f)(3).

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), is impermissibly vague and that imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S. Ct. at 2562-63. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The Supreme Court struck down the underlined residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. See Johnson, 135 S. Ct. at 2555-63. Section 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question the ACCA's application to the four enumerated offenses or to the remainder of the definition of a violent felony in § 924(e)(2)(B). See 135 S. Ct. at 2563.

Johnson therefore has no application to sentences enhanced under § 924(e)(2)(B)(i)'s force or element clause or § 924(e)(2)(B)(ii)'s enumerated clause.

## ANALYSIS

The Court concludes that Lloyd is ineligible for Johnson relief for two reasons. First, Johnson did not clearly invalidate § 924(c)'s residual clause. Second, armed bank robbery is a crime of violence under § 924(c)'s force or element clause.

### I. JOHNSON DOES NOT CLEARLY INVALIDATE § 924(c)'S RESIDUAL CLAUSE.

Lloyd's sentence was not enhanced under the ACCA's § 924(e)(2)(B). Instead, Lloyd argues that the Johnson ruling should be applied to § 924(c)'s residual clause. The Supreme Court has not decided whether Johnson applies to invalidate § 924(c)'s residual clause. In Johnson, the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt. See 135 S. Ct. at 2561. The lower courts have divided on how the Johnson ruling applies to § 924(c) and similar provisions. See United States v. Taylor, 814 F.3d 340, 375-79 (4th Cir. 2016)( declining to find § 924(c) void for vagueness); United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015)(finding language similar to § 924(c) void for vagueness); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015)(holding similar language in the Immigration and Nationality Act void); In re Smith, ___ F.3d ___, 2016 WL 3895243 at **2-3 (11th Cir. 2016)(noting the issue, but not deciding it in the context of an application for permission to file a second or successive § 2255 motion).

Courts have cited several grounds that distinguish the ACCA's § 924(e)(2)(B) residual clause from § 924(c)(3)(B). First, § 924(c)(3)(B)'s statutory language more narrowly defines "crime of violence" based on physical force rather than on physical injury. While the ACCA

residual clause requires conduct "that presents a serious potential risk of physical injury to another," § 924(c)(3)(B) requires the risk "that <u>physical force</u> against the person or property of another may be used <u>in the course of</u> committing the offense." 18 U.S.C. § 924(c)(3)(B) (emphasis added).  By requiring that the risk of physical force arise "in the course of" committing the offense, § 924(c)(3)(B)'s language mandates that the person who may potentially use physical force be the charged offender.  See <u>United States v. Taylor</u>, 814 F.3d at 376-77.

Moreover, § 924(c)(3)(B), unlike § 924(e)(2)(B), requires that the felony be one which "by its nature" involves the risk that the offender will use physical force. In <u>Johnson</u>, the Supreme Court was concerned with the wide judicial latitude that the ACCA's residual clause language permitted, which did not limit a court's inquiry to the crime's elements.  See 135 S. Ct. at 2557.  Section 924(c)(3)(B), by contrast, does not allow a court to consider risk-related conduct beyond the elements of the predicate crime.  The phrase "by its nature" restrains the court's analysis to the risk of force in the offense itself.  <u>United States v. Amos</u>, 501 F.3d 524, 527 (6th Cir. 2007).  See <u>United States v. Stout</u>, 706 F.3d 704, 706 (6th Cir. 2013); <u>United States v. Serafin,</u> 562 F.3d 1105, 1109, 1114 (10th Cir. 2009); <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 10 (2004)(construing 18 U.S.C. § 16(b)).

Second, the <u>Johnson</u> Court was concerned that the ACCA's enumerated crimes, when paired with the residual clause, cause confusion and vagueness in the residual clause's application.  See 135 S. Ct. at 2561.  The lower courts have noted no similar concerns with § 924(c)(3)(B). The ACCA links the residual clause by the word "otherwise" to the four enumerated crimes.  See <u>Johnson</u>, 135 S. Ct. at 2558.  The Supreme Court explained in <u>Johnson</u> that, by using the word "otherwise," "the residual clause forces courts to interpret 'serious potential risk' in light of the four enumerated crimes -- burglary, arson, extortion, and crimes

involving the use of explosives." 135 S. Ct. at 2558. Gauging the level of risk required was difficult because the four listed crimes "are 'far from clear in respect to the degree of risk each poses.'" 135 S. Ct. at 2558 (quoting Begay v. United States, 553 U.S. 137, 143, (2008)). Unlike the ACCA, § 924(c)(3)(B) does not link its "substantial risk" standard "to a confusing list of examples." Johnson, 135 S. Ct. at 2561.

The Johnson Court addressed the fact that the ACCA residual clause requires the application of a categorical approach to analysis of the predicate crime. See Johnson, 135 S. Ct. at 2557-58. The Supreme Court refrained from invalidating the categorical analysis. See 135 S. Ct. at 2561-62. Instead, the Supreme Court stated that the ordinary case analysis and the level-of-risk requirement "conspire[d] to make [the statute] unconstitutionally vague," and determined that the concern with the ACCA residual clause was that it combined an overbroad version of the categorical approach with other vague elements. 135 S. Ct. at 2557. Statutes like § 924(c)(3)(B)'s residual clause do not raise the same analytical concerns when combined with the categorical approach. See 135 S. Ct. at 2561.

Third, the Supreme Court reached its void-for-vagueness conclusion only after deciding a number of cases calling for the clause's interpretation. See, e.g., James v. United States, 550 U.S. 192 (2007); Begay v. United States, 553 U.S. 137 (2008); Chambers v. United States, 555 U.S. 122 (2009); Sykes v. United States, 564 U.S. 1 (2011). In Johnson, the Supreme Court recognized its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause." 135 S. Ct. at 2558. In the nine years preceding Johnson, the Supreme Court applied four different analyses to the residual clause. See 135 S. Ct. at 2558-59. These inconsistent decisions led to "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider." 135 S. Ct. at 2560.

By contrast, the Supreme Court has not been called on multiple occasions to articulate a standard applicable to the § 924(c)(3)(B) analysis.

While the Supreme Court and the United States Court of Appeals for the Tenth Circuit have not decided the issue, the Court determines that Johnson's reasoning should not extend to § 924(c)(3)(B)'s residual clause. As set out below, however, even if Johnson was extended to § 924(c), Lloyd's predicate Armed Bank Robbery crimes come within the force or element clause, not the residual clause, and he is not eligible for resentencing.[1]

## II. ARMED BANK ROBBERY IS A CRIME OF VIOLENCE UNDER THE "FORCE" OR "ELEMENT" CLAUSE OF § 924(c).

Under 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. See United States v. Johnson, 32 F.3d 82, 85 (4th Cir. 1994). If, during the commission of the crime of violence, "the firearm is brandished," the mandatory minimum sentence increases to seven years. 18 U.S.C. § 924(c)(1)(A)(ii). Section 924(c) defines "crime of violence" to mean:

[A]n offense that is a felony and --

> (A) has as an element the use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3). Lloyd contends that his Armed Bank Robbery convictions do not qualify as crimes of violence under § 924(c)(3)(A)'s "force" or "element" clause and, therefore, must

---

[1] There is also a question whether, in light of his 11(c)(1)(C) Plea Agreement to a specified term of imprisonment, Lloyd was sentenced under § 924(c). Because the Court concludes that Lloyd would not be eligible for resentencing even if he was sentenced under § 924(c), the Court does not reach the 11(c)(1)(C) issue.

come within § 924(c)(3)(B)'s presumably invalid residual clause.  Contrary to Lloyd's argument, the Armed Bank Robbery crimes charged against Lloyd have as an element the use, or threatened use of physical force against the person or property of another, and support enhancement of his sentence under § 924(c) without resort to the residual clause language.

To determine whether a prior conviction constitutes a crime of violence under the force or element clause, the Supreme Court employs a categorical approach.  See United States v. Perez-Jiminez, 654 F.3d 1136, 1140 (10th Cir. 2011).  The Supreme Court looks only to the fact of conviction and the statutory definition of the prior offense, and does not generally consider the particular facts that the record of conviction discloses.  See United States v. Wray, 776 F.3d 1182, 1185 (10th Cir. 2015).  Where a statute defines multiple crimes by listing alternative elements, the Supreme Court uses a modified categorical approach, which permits it to look at the charging documents to determine the elements under which the defendant was charged and convicted.  See Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243, 2248-49 (2016).

Armed bank robbery under 18 U.S.C. § 2113(d) has four elements: (i) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (ii) the money was taken "by force and violence, or by intimidation"; (iii) the institution's deposits were federally insured; and (iv) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device.  See United States v. Davis, 437 F.3d 989, 993 (10th Cir. 2006).  The first three elements of armed bank robbery are drawn from § 2113(a) and define the lesser-included offense of bank robbery.  The fourth element is drawn from § 2113(d).  The Court focuses on the second element: that the money was taken from the bank "by force and violence, or by intimidation."  18 U.S.C. § 2113(a).

The Courts of Appeals have uniformly ruled that federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force.  In United States v. Boman, 810 F.3d 534 (8th Cir. 2016) the United States Court of Appeals for the Eighth Circuit held that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfies the ACCA's similar force clause, because it requires a taking "by force and violence, or by intimidation."  United States v. Boman, 810 F.3d at 542-43.  The United States Courts of Appeals for the Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119.  See United States v. Moore, 43 F.3d 568, 572-73 (11th Cir. 1994); United States v. Mohammed, 27 F.3d 815, 819 (2d Cir. 1994).  The United States Court of Appeals for the Fourth Circuit expressly stated in United States v. Adkins, 937 F.2d 947 (4th Cir. 1991), that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  937 F.2d at 950 n.2 (quoting 18 U.S.C. § 924(c)(3)(A)).  The Courts of Appeals have also consistently determined that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines § 4B1.2, which contains force clause language nearly identical to the § 924(c)(3) force clause.  See Johnson v. United States, 779 F.3d 125, 128–29 (2d Cir. 2015); United States v. Davis, 915 F.2d 132, 133 (4th Cir. 1990); United States v. Maddalena, 893 F.2d 815, 819 (6th Cir. 1989); United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991); United States v. Wright, 957 F.2d 520, 521 (8th Cir. 1992); United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990).  A taking "by force and violence" entails the use of physical force.

Likewise, a taking by intimidation involves the threat to use such force.  See United States v. Jones, 932 F.2d at 625 ("Intimidation means the threat of force[.]"); United States v.

Selfa, 918 F.2d at 751 (explaining that the intimidation element of § 2113(a) meets the Guidelines § 4B1.2(1) requirement of a threatened use of physical force).  Bank robbery under § 2113(a), "by force and violence," requires the use of physical force.  Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force.  Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under § 924(c)(3)'s force clause.  See United States v. Gilmore, 282 F.3d 398, 402 (6th Cir. 2002).

Moreover, Lloyd was charged with and pled guilty to armed bank robbery by force and violence, and by intimidation.  See Sentence at 1.  He was thus charged with and convicted of robbery by force as well as robbery by intimidation.  Regardless whether "intimidation" has as an element the threatened use of physical force, Lloyd was convicted of crimes that include an element that is the use, attempted use, or threatened use of physical force.  Mathis v. United States, 136 S. Ct. at 2248-49.  Lloyd's sentence was properly enhanced under § 924(c)(3)(A)'s force clause and without resort to § 924(c)(3)(B)'s residual clause.  He is not entitled to relief, and the Court will dismiss his Motion under rule 4(b) of the Rules Governing Section 2255 Proceedings.

Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Lloyd has not made a substantial showing of denial of a constitutional right.  The Court will, therefore, not grant a certificate of appealability.  See rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED** that: (i) the Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 31, 2016 (CIV 16-0513 JB/WPL, Doc. 1; CR 07-2238 JB, Doc. 52; CR 08-3048 JB, Doc. 9), as amended by the Amended Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 24,

2016 (CIV 16-0513 JB/WPL, Doc. 3; CR 07-2238 JB, Doc. 55; CR 08-3048 JB, Doc. 12)("Amended Motion"), is dismissed under rule 4(b) of the Rules Governing Section 2255 Proceedings; and (ii) a Certificate of Appealability is denied under rule 11(a) of the Rules Governing Section 2255 Proceedings.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Devon Fooks
  Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

     *Attorneys for the Movant*

Damon P. Martinez
  United States Attorney
Jack Burkhead
  Assistant United States Attorney
U.S. Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Defendant*